IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

D'ANDRE DETREZ BROWN                                              PLAINTIFF

V.                          No. 3:12CV00134 JLH/BD

CRAIGHEAD COUNTY DETENTION CENTER                                 DEFENDANT

## ORDER

Plaintiff D'Andre Detrez Brown, an inmate housed at the Craighead County Detention Center, filed this pro se Complaint (docket entry #1) under 42 U.S.C. § 1983. Upon a review of the record, the Court notes that Mr. Brown has not paid the required $350.00 filing fee or, alternatively, filed a motion to proceed *in forma pauperis*.[1]

If he seeks to proceed *in forma pauperis*, Mr. Brown must file a completed application, along with a calculation sheet showing his inmate trust fund balance. Based on information in the application and calculation sheet, the Court will assess partial filing fees to be paid immediately, if there is enough money in his inmate trust account. The rest of the filing fees will be collected from his inmate trust accounts in monthly installments until the filing fee is fully paid. 28 U.S.C. § 1915(b)(1)-(2). Mr. Brown must either pay the $350.00 filing fee or file an *in forma pauperis* application, within

---

[1] Even if Mr. Brown is given *in forma pauperis* status, he still has to pay a $350.00 filing fee. 28 U.S.C. §1915(b)(1). The only advantage is that prisoners proceeding *in forma pauperis* are allowed to pay the filing fee in installments, over time.

thirty days of this Order. The Clerk of Court is directed to send Mr. Brown an *in forma pauperis* application, along with a copy of this Order.

There are several problems with the Complaint that Mr. Brown must address. First, Mr. Brown names the Craighead County Detention Center as the only Defendant. The Detention Center is an entity that can be sued under 42 U.S.C. § 1983. See *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir .2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). Further, Mr. Brown complains that he has not been able to have contact visitation with his family members since being placed on lock-down status. The Constitution does not mandate that prisoners have contact visitation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no liberty interest in contact visitation).

Mr. Brown is ordered to file an amended complaint that states how his constitutional rights were violated; identifies the individuals who violated his rights; and explains how he was injured as a result of the misconduct. The amended complaint must be filed within thirty days of this Order. Failure to comply with this Order could result in the dismissal of Mr. Brown's claims.[2]

---

[2] Local Rule 5.5(c)(2) includes requirements for parties who are not represented by counsel. They must: promptly notify the Clerk and the other parties in the case of any change in address; monitor the progress of the case and to prosecute or defend the case diligently; sign all pleadings and include a current address, zip code, and telephone number; and be familiar with and follow both Local Rules and the Federal Rules of Civil Procedure. Any plaintiff not represented by counsel must respond to communications from the Court within thirty (30) days, or the case can be dismissed.

IT IS SO ORDERED this 6th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE